UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ROY VALDEZ-MARTINEZ,<br><br>                      Defendant. | No. 08-cr-1137-5 (RJS)<br><br><u>MEMORANDUM AND ORDER</u> |

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

On February 13, 2026, the Court provisionally accepted Roy Valdez-Martinez's guilty plea to Count One of a superseding information charging him with misprision of a felony in violation of 18 U.S.C. § 4. The Court nevertheless reserved decision to consider whether Valdez-Martinez's allocution sufficed to meet all the elements of the offense. For the reasons explained below, the Court finds that Valdez-Martinez did not admit to all elements of misprision of a felony. Accordingly, the Court rejects his guilty plea.

## I. BACKGROUND

In 2008, a grand jury returned an indictment charging Valdez-Martinez and others, including his brother Rafael Mercedes Valdez, with conspiracy to launder money in violation of 18 U.S.C. § 1956(h). (Doc. No. 1 at 1–5.) The indictment alleged that the defendants agreed to conduct financial transactions that involved the proceeds of specified unlawful activity – namely, narcotics trafficking – for the purpose of "conceal[ing] or disguis[ing] the nature, the location, the source, the ownership[,] and the control of [such] proceeds" in violation of section 1956(a)(1)(B)(i). (*Id.* at 2.) Multiple co-conspirators, including Mercedes Valdez, ultimately

pleaded guilty to this offense.  (*See, e.g.*, Doc. No. 143.)  Valdez-Martinez, however, evaded law enforcement for nearly two decades until he was finally arrested and arraigned in December 2025.

On February 13, 2026, Valdez-Martinez agreed to waive indictment and plead guilty to a superseding information that charged him with misprision of a felony in violation of 18 U.S.C. § 4.  In particular, the information alleged that Valdez-Martinez – "having knowledge of the actual commission of a felony cognizable by a court of the United States . . . , to wit, avoiding a transaction reporting requirement under State or Federal law, in violation of" 18 U.S.C. § 1956(a)(1)(B)(ii) – "did not as soon as possible make known the same to some judge [or] other person in civil [or] military authority under the United States." (Doc. No. 238.)  At a change-of-plea hearing held that same day, Valdez-Martinez stated under oath that he "had knowledge that a felony was being committed by people" he knew, that he "helped conceal this crime," and that he did not report the crime when he had an opportunity to do so.  (Tr. of Feb. 13, 2026 Change-of-Plea Hr'g ("Tr.") at 41.)  He clarified that he "tried to help others avoid a reporting requirement regarding United States currency," which he believed came from cash-based New York businesses that were trying to skirt taxes.  (*Id.* at 41, 43.)  The Court provisionally accepted Valdez-Martinez's plea but reserved final judgment to determine whether the plea satisfied the elements of misprision.  (*Id.* at 53.)

On February 20, 2026, the Court ordered the parties to submit written responses explaining whether "the record establishes a sufficient factual basis to accept [Valdez-Martinez's] guilty plea." (Doc. No. 240.)  On March 13, 2026, the parties submitted a joint letter arguing that the record indeed sufficed to establish Valdez-Martinez's guilty plea.  (Doc. No. 241.)

## II.     DISCUSSION

Before accepting a defendant's guilty plea, a court must "determine that the defendant understands . . . the nature of each charge to which [he] is pleading" guilty and "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(1)(G), (3). Specifically, a court must "assure itself . . . that the conduct to which the defendant admits is *in fact* an offense under the statutory provision under which he is pleading guilty." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999) (emphasis added and internal quotation marks omitted).

Misprision of a felony requires the government to prove that "(1) the principal committed and completed the alleged felony, (2) the defendant had full knowledge of that fact, (3) the defendant failed to notify the authorities, and (4) the defendant took steps to conceal the crime." *Mendez v. Barr*, 960 F.3d 80, 84 (2d Cir. 2020). Having carefully considered the transcript of the change-of-plea hearing, the Court concludes that the parties failed to establish the first two elements of the charged offense.

For starters, the superseding information fails to allege the underlying felony that it purports to assert. According to the information, Valdez-Martinez knew of "the actual commission of a felony cognizable by a court of the United States . . . , to wit, avoiding a transaction reporting requirement under State or Federal law, in violation of" 18 U.S.C. § 1956(a)(1)(B)(ii). But section 1956(a)(1)(B)(ii) does not criminalize the mere avoidance of transaction reporting requirements. It actually requires much more, including that (1) the principal knew that the financial transaction he engaged in involved "the proceeds of some form of unlawful activity"; (2) the proceeds were, in fact, derived from "*specified* unlawful activity" (emphasis added); and (3) the principal knew that the transaction was designed in whole or in part "to avoid a transaction reporting requirement

3

under State or Federal law." § 1956(a)(1)(B)(ii).  The superseding information seems to suggest that the third element alone is enough to prove the underlying money-laundering offense.  It is not.

But even if we assume that the superseding information intended to set out all the elements of section 1956(a)(1)(B)(ii), neither Valdez-Martinez's allocution nor the government's proffer – whether considered separately or together – described conduct constituting a "completed" violation of that statute, much less Valdez-Martinez's "full knowledge" of that felony.  *Mendez v. Barr*, 960 F.3d at 84.  As noted above, the first element of a misprision offense requires that both the principals and Valdez-Martinez knew that the financial transaction in question involved property that "represented the proceeds of some form of unlawful activity."  *United States v. Maher*, 108 F.3d 1513, 1528 (2d Cir. 1997).  At his plea, Valdez-Martinez stated that he knew that the principals were transporting dollars that represented "illegal proceeds," (Tr. at 43), which he described as currency that had come from "businesses that handled cash" – including "convenience stores [and] restaurants" – in New York.  (*Id.*)  His counsel clarified that this money came from otherwise "legitimate businesses" that were trying to evade taxes and related reporting requirements.  (*Id.* at 49.)

But regardless of whether such cash would qualify as the proceeds of unlawful activity, *compare United States v. Khanani*, 502 F.3d 1281, 1296 (11th Cir. 2007) ("[I]t is clear that the term 'proceeds' does not contemplate profits or revenue indirectly derived . . . from the failure to remit taxes." (alteration adopted and internal quotation marks omitted)), *with United States v. Yusuf*, 536 F.3d 178, 189 (3d Cir. 2008) ("[U]npaid taxes, which are unlawfully disguised and retained by means of the filing of false tax returns through the U.S. mail, constitute 'proceeds' of mail fraud for purposes of supporting a charge of federal money laundering."), nothing in the record suggests that the *principals* ever shared Valdez-Martinez's purported belief that the

4

financial transactions in question involved the cash proceeds of otherwise legitimate convenience stores and restaurants.  In fact, the government's theory of the case and the evidence developed in connection with the original indictment reflect that the principals understood the transactions to involve dollars derived from illicit narcotics trafficking.  (Tr. of Mercedes Valdez Jan. 14, 2010 Change-of-Plea Hr'g at 31; Gov't Sent'g Mem. re Mercedes Valdez, Doc. No. 98 at 6.)  Thus, to the extent that Valdez-Martinez mistakenly believed that the proceeds were derived from other sources, he clearly lacked "full knowledge" of the principals' completed felony.  *Mendez*, 960 F.3d at 84.

This leads inexorably to another problem.  Because Valdez-Martinez insisted that the financial transactions in question represented the proceeds of legitimate business activity (Tr. at 49 ("restaurants and *other legitimate* businesses" (emphasis added))), he likewise disclaimed that the property was derived from *specified* unlawful activity, as required under section 1956(a)(1)(B)(ii).  Section 1956 omits tax evasion from its list of *specified* forms of unlawful activity.  *See* 18 USC § 1956(c)(7).  Therefore, by expressly asserting that the currency was derived from lawful activity – and emphatically denying knowledge that it was derived from "drug trafficking" (*id.* at 43) – Valdez-Martinez again demonstrated that he lacked full knowledge of the principals' completed felony.

Finally, although Valdez-Martinez acknowledged that the money-laundering offense was designed "to help others avoid a reporting requirement regarding United States currency" (Tr. at 41) – which is an element of section 1956(a)(1)(B)(ii) – there is scant evidence to suggest that the principals actually shared this objective.  Instead, the record shows that multiple principals, including Mercedes Valdez, pleaded guilty to a money-laundering conspiracy pursuant to 18 U.S.C. § 1956(h) in which the object of the conspiracy was to "conceal and disguise the nature,

the location, the source, the ownership[,] and the control of the proceeds of specified unlawful activity" in violation of section 1956(a)(1)(B)(i). (Doc. No. 1 at 2.) Once again, this delta between the principals' intended objective and Valdez-Martinez's understanding of that objective undermines the conclusion that he "had full knowledge" of the principals' completed felony. *Mendez*, 960 F.3d at 84.

In short, the record does not support the conclusion that the principals committed and completed the underlying felony alleged in the superseding information (*i.e.*, a violation of 18 U.S.C. § 1956(a)(1)(B)(ii)), or that Valdez-Martinez had full knowledge of the completed felony that the principals *did* commit (*i.e.*, a violation of 18 U.S.C. § 1956(a)(1)(B)(i)). As a result, the Court cannot accept his guilty plea to misprision of a felony in violation of 18 U.S.C. § 4 at this time.

That is not to say that Valdez-Martinez could not provide a fuller allocution in the future that might satisfy the elements of the crime alleged in the superseding information, or that there is not some *other* felony to which he might more easily allocute. But at this stage of the proceedings, the Court is not convinced "that the conduct to which the defendant admit[ted] is in fact an offense under the statutory provision under which he [endeavored to] plead[] guilty." *Andrades*, 169 F.3d at 136. Accordingly, the parties have not established "a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

### III.    CONCLUSION

For the reasons stated above, the Court declines to accept Valdez-Martinez's guilty plea at this time. The parties are directed to appear before the Court on May 29, 2026 at 3:00 p.m. in

Courtroom 21C at the United States Courthouse located at 500 Pearl Street, New York, New York

to discuss next steps in this case.

SO ORDERED.

Dated:       May 11, 2026
             New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE,
Sitting by Designation